# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF GRAND PRAIRIE; STEVE COLLINS, Code Compliance Manager, in his official capacity; ELLIS COUNTY; BRAD NORMAN, Sheriff of Ellis County, in his official capacity.<br><br>*Defendants*. | Case 4:21-cv-559-P<br><br><br><br>**COMPLAINT**<br><br>[Civil Rights Action under 42 U.S.C. § 1983] |

Plaintiff, John Anthony Castro, pro se, brings this Complaint against Defendants, the City of Grand Prairie, Steve Collins, Code Compliance Manager, in his official capacity, Ellis County, Sheriff Brad Norman, in his official capacity, and their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' actions in restraining Plaintiff's freedom of speech and violating his procedural due process rights by unlawfully removing political campaign signs, without notice and opportunity to be heard, placed on private property belonging to a candidate for federal office, John Anthony Castro, and his federal election committee, Castro for America.

2. Plaintiff seek a declaration that Defendants violated his clearly established con-

stitutional rights as set forth in this Complaint; a declaration that Defendants' unlawful removing of political campaign signs restricts Plaintiffs' speech in violation of the U.S. Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a temporary restraining order to prevent any further unlawful removals of political campaign signs to enjoin enjoining the Defendants; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of court costs pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3.  This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims of state-sponsored electoral suppression occurred in this district.

## PLAINTIFF

6.  Plaintiff, John Anthony Castro, is a federal candidate for the United States House of Representatives in Texas' 6th Congressional District's Special Election.

## DEFENDANTS

7.  Defendant, Steven Collins, is the Code Compliance Manager for the City of Grand Prairie.

8.  Defendant, Brad Norman, is the Sheriff of Ellis County, Texas.

## STATEMENT OF FACTS

9.  On or about March 17, 2021, Defendant Sheriff Brad Norman, with the intent to

harass, embarrass, ridicule, and intimidate Plaintiff, publicly commented on a Facebook post threatening Plaintiff and indicating that his employees, agents, or otherwise would begin removing our signs across the county, which largely included signs in Midlothian and Waxahachie.

10. In the days following, Sheriff Brad Norman, did, in fact, follow through with his threat and unlawfully removed political campaign signs belonging to Plaintiff.  The Defendant took such actions notwithstanding the fact that the political campaign signs were on private property and without consulting the actual landowners; instead relying on unsubstantiated false and fraudulent complaints from third-parties that disagreed with Plaintiff's political positions.

11. Sheriff Brad Norman knowingly and willfully violated federal election law as well as Plaintiff's constitutionally protected rights to freedom of speech and procedural due process.  These actions constitute state-sponsored electoral suppression and illegal interference in a federal election.

12. Sheriff Brad Norman's true purpose for removing Plaintiff's campaign signs was to suppress Plaintiff's speech because he vehemently disagrees with Plaintiff's campaign message and political positions.

13. Defendant Steve Collins is the Code Compliance Manager with the Grand Prairie Police Department.

14. On March 8, 2021, Defendant Steve Collins emailed Plaintiff regarding campaign signs improperly placed between the side walk and a public street.  Plaintiff agreed that the independent contractors engaged to place the signs on private property had mistakenly placed the signs on public property.  The signs were lawfully removed.

15. However, the City of Grand Prairie then proceeded to begin removing all political campaign signs of Plaintiff throughout the city including political campaign signs placed well beyond the right-of-way zone on private property.

16. Defendants, the City of Grand Prairie and Steve Collins, in his official capacity, have continued to unlawfully remove political campaign signs of Plaintiff without notice in violation of federal law. They are not even trying to legally justify it. It is quite simply a blatant disregard for Plaintiff's constitutional rights.

## FIRST CLAIM FOR RELEIEF

### (Freedom of Speech – First Amendment)

17. Plaintiff hereby incorporates by reference all stated paragraphs.

18. By reason of the aforementioned speech suppression, Defendants have deprived Plaintiff of his right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

19. Defendants' restriction on Plaintiffs' speech is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

20. Defendants' true purpose for removing Plaintiff's political campaign signs was to silence the viewpoint expressed by Plaintiff's speech. Consequently, the true purpose for their actions was to silence disfavored viewpoints in violation of the Free Speech Clause of the First Amendment.

21. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

### (Equal Protection ~ Fourteenth Amendment)

22. Plaintiffs hereby incorporate by reference all stated paragraphs.

23. By reason of the aforementioned speech unlawful conduct, performed under color of state law, Defendants have unconstitutionally deprived Plaintiffs of the equal protection of

the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, in that Defendants are preventing Plaintiff from expressing a message based on its content and viewpoint, thereby denying the use of a forum to those whose views Defendants find unacceptable.

24.    As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A) to declare that Defendants' restriction on Plaintiff's speech, including the unlawful removal of political campaign signs, violates the First and Fourteenth Amendments to the U.S. Constitution as set forth in this Complaint;

B) to temporarily restrain Defendants from any further unlawful removal of political campaign signs lawfully placed on private property;

C) to award Plaintiff nominal damages for the past loss of his constitutional rights as set forth in this Complaint;

D) to award Plaintiff court costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

*/s/ John Anthony Castro*
John Anthony Castro, *Pro Se*
12 Park Place
Mansfield, TX  76063
J.Castro@JohnCastro.com
(202) 594-4344  Cell