IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN ANTHONY CASTRO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-885-L** |
| | § | |
| **THE CITY OF GRAND PRAIRIE;** | § | |
| **STEVE COLLINS,** Code Compliance | § | |
| Manager, in his official capacity; | § | |
| **ELLIS COUNTY; BRAD NORMAN,** | § | |
| Sheriff of Ellis County, in his official | § | |
| capacity**,** | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION ORDER**

Before the court is the Emergency Application for Temporary Restraining Order (Doc. 1) ("TRO Application"), filed April 16, 2021, by pro se Plaintiff John Anthony Castro ("Plaintiff"). After considering the TRO Application, Plaintiff's Complaint, and applicable law, the court **denies** the TRO Application (Doc. 1).

There are four prerequisites for the extraordinary relief of a temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [temporary restraining order] is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the [temporary restraining order] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760

F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction.

Plaintiff filed this action on April 16, 2021, in the Fort Worth Division of the Northern District of Texas. The case was transferred to this court on April 19, 2021. In his Complaint (Doc. 2), Plaintiff alleges that he is a "candidate for the United States House of Representatives in Texas' 6th Congressional District's Special Election." Pl.'s Compl. ¶ 6. Plaintiff further alleges that Ellis County Sheriff Brad Norman threatened on Facebook that his employees would begin removing Plaintiff's campaign signs across the county, and that Grand Prairie Code Compliance Manager Steven Collins unlawfully removed all of his political campaign signs in the City of Grand Prairie, even though they were situated on private property. Plaintiff asserts claims against all Defendants for alleged constitutional violations based on freedom of speech and equal protection. He brings these claims pursuant to 42 U.S.C. §1983.

On April 16, 2021, Plaintiff also filed his TRO Application. Because Plaintiff requests emergency relief, it appears that he seeks an *ex parte* TRO. The Certificate of Service for the TRO Application indicates that Defendants Steve Collins and Brad Norman were provided copies of the TRO Application via e-mail. As Plaintiff has sued Steve Collins and Brad Norman in their official capacities, his section 1983 claims against them are effectively claims against The City of Grand Prairie and Ellis County, the governmental entities that employ these individuals, but there is no indication that The City of Grand Prairie or Ellis County was served with copies of the TRO Application.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue an *ex parte* TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Plaintiff's TRO Application does not satisfy Rule 65(b)(1)'s requirements for *ex parte* relief because it was not served on The City of Grand Prairie or Ellis County, and Plaintiff, who is representing himself, has not certified what, if any, efforts were made to give appropriate notice to these Defendants and the reasons why notice to them should not be required. *See id.* In addition, Plaintiff has not shown that service on the individual Defendants is sufficient for purposes of serving The City of Grand Prairie or Ellis County.

Even if Plaintiff does not seek *ex parte* relief, his TRO Application, which is not accompanied by a brief as required by this District's Local Civil Rules, still fails because he has not satisfied all of the requirements for a TRO and does not even address them. Assuming, without deciding, that Plaintiff has pleaded plausible claims for alleged constitutional violations based on free speech and equal protection, there are no allegations in Plaintiff's pleadings of a policy, practice, or custom that violates any of Plaintiff's federally protected rights. For a governmental entity to be liable under section 1983, liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984) (en banc). The official complained of must possess:

> final authority to establish [school district] policy with respect to the action ordered. . . . The official must also be responsible for establishing final government policy respecting such activity before the [school district or city] can be held liable. . . . [W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986). Plaintiff's TRO Application consists of one page of conclusory assertions, and his Complaint is devoid of any allegations that would

satisfy the requirements for liability under section 1983. As a result, Plaintiff has not demonstrated a substantial likelihood of success on the merits of his claims.

Moreover, Plaintiff's allegations that he "has suffered irreparable harm, including the loss of his constitutional rights," Pl.'s Compl. ¶¶ 21, 24, are conclusory and insufficient to satisfy his burden as the movant of demonstrating that there is a substantial threat that irreparable harm will result if his TRO Application is not granted. As Plaintiff has not satisfied the first and second requirements for a temporary restraining order, the court need not address whether he has met his burden with respect to the remaining requirements for injunctive relief under federal law.

Accordingly, for all of the foregoing reasons, the court **denies** Plaintiff's TRO Application (Doc. 1).

**It is so ordered** this 19th day of April, 2021.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge