# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF GRAND PRAIRIE;<br>ELLIS COUNTY; BRAD<br>NORMAN, Sheriff of Ellis County,<br>in his official capacity.<br><br>*Defendants*. | Case 3:21-cv-885-L<br><br><br><br>**EMERGENCY APPLICATION<br>FOR A TEMPORARY<br>RESTRAINING ORDER** |

## INTRODUCTION

Emboldened by this Honorable Court's initial denial of the first Emergency Application for a Temporary Restraining Order, the City of Grand Prairie is now threatening to remove all signs within 48 hours.  See Exhibit A.

The City of Grand Prairie claims the signs are in "public right-of-ways."  However, all signs are at least 8½ feet from the street as suggested by Grand Prairie Code of Ordinances, Chapter 23, Article 1, Section 23-6; the only section that provides any mention of the specific distance constituting the city's "right-of-way."

The City of Grand Prairie refuses to provide clarity.

The City of Grand Prairie's definition of "public right-of-way" is unconstitutionally vague; depriving Plaintiff of his 14th Amendment right to procedural due process.

It is incumbent upon this Court to intervene in this extraordinary situation to protect the civil rights of Plaintiff.  This is nothing short of state-sponsored election suppression.  In a nation built on the rule of law, the law must be clear to permit compliance.

The City of Grand Prairie is knowingly and willfully interfering in a federal election in an attempt to deprive the citizens of Texas' 6th Congressional District of a fair and impartially conducted election in violation of federal law.

## CONCLUSION

In light of these new developments, Plaintiff respectfully requests that the Court enter a Temporary Restraining Order (TRO) preventing Defendants from acting on their now explicit threat to remove all of his campaign signs until just cause is presented to this Honorable Court.

Respectfully submitted this 21st day of April, 2021.

/s/ John Anthony Castro
John Anthony Castro
*Plaintiff, Pro Se*
12 Park Place
Mansfield, TX  76063
+1 202 594 4344  Cell

---

### CERTIFICATE OF SERVICE

---

I certify a true and accurate copy of the foregoing document was filed via Emergency Filing Procedures on April 21, 2021.  A true and accurate copy of the foregoing document was also sent to the following addresses:

SCollins@GPTX.org
mmahan@gptx.org

/s/John Anthony Castro
JOHN ANTHONY CASTRO

# Exhibit A

# Email Exchanges with the City of Grand Prairie

# John Anthony Castro

| | |
|---|---|
| **From:** | John Anthony Castro |
| **Sent:** | Wednesday, April 21, 2021 1:38 PM |
| **To:** | 'Megan Mahan' |
| **Cc:** | Steve Collins; 'usatxs.civilrights@usdoj.gov'; 'Lindsay_Orders@txnd.uscourts.gov' |
| **Subject:** | RE: Campaign signs place on City property and public right-of-ways |

Ms. Mahan,

I am not asking for legal advice.  Our campaign is being threatened with irreparable harm under the color of law if we do not comply with the city ordinance, and you are refusing to provide us with our constitutional due process right to proper notice as to why our sign is purportedly not in compliance with the city ordinance.

To assault the rights of a candidate for federal office without explaining what makes our signs noncompliant is so blatantly an attack on our civil rights.

How many feet?  It's a simple question.

But we'll go ahead and file another emergency application for a TRO.



**John Anthony Castro, J.D., LL.M.**
Candidate for U.S. Congress
Texas' 6th Congressional District

+1 202 594 4344 | J.Castro@JohnCastro.com

www.JohnCastroCo.com
12 Park Place, Mansfield, TX  76063

    

**From:** Megan Mahan [mailto:mmahan@gptx.org]
**Sent:** Wednesday, April 21, 2021 12:51 PM
**To:** John Anthony Castro <j.castro@johncastro.com>
**Cc:** Steve Collins <Scollins@GPTX.org>
**Subject:** FW: Campaign signs place on City property and public right-of-ways

Mr. Castro,

The City of Grand Prairie is not authorized to provide legal advice in response to your inquiry below.

Thank you,

1

**Megan Suarez Mahan**
City Attorney
City of Grand Prairie
300 West Main
Grand Prairie, Texas 75050
972-237-8025
972-237-8030 (f)
mmahan@gptx.org

**From:** John Anthony Castro <j.castro@johncastro.com>
**Sent:** Tuesday, April 20, 2021 2:25 PM
**To:** Steve Collins <Scollins@GPTX.org>; John Anthony Castro <j.castro@johncastro.com>
**Subject:** [POSSIBLE SPAM] RE: Campaign signs place on City property and public right-of-ways
**Importance:** Low

Hi Steve,

Can you please define "public right-of-ways"? That's been our biggest issue. How many feet from the street is required? In all of the provisions you sent, nothing specifically defines it.

If you provide that, we will absolutely certain to comply, but we cannot comply with rules that are unclear and inconsistent. We want to be in compliance, but the city ordinance does not provide enough clarity and specificity to allow for compliance.



**John Anthony Castro, J.D., LL.M.**
Candidate for U.S. Congress
Texas' 6th Congressional District

+1 202 594 4344 | J.Castro@JohnCastro.com

www.JohnCastroCo.com
12 Park Place, Mansfield, TX  76063

    

**From:** Steve Collins [mailto:Scollins@GPTX.org]
**Sent:** Tuesday, April 20, 2021 2:18 PM
**To:** John Anthony Castro <j.castro@johncastro.com>
**Subject:** Campaign signs place on City property and public right-of-ways

Mr. Castro

2

Our Code Compliance office is sending you and other candidates this notification to inform you that campaign signs are required to be on private property with the owners permission. Campaign sign are not allow in the public rights-of-way. Would be so kind to check all locations to readjust the placement to private property within 48 hours. Please advised, all other candidates are being notified as well. I've attached the city ordinance for your review. Let us know if you questions.

Thank you

Steve Collins
Code Compliance Manager
Grand Prairie Police Department
City of Grand Prairie
972-237-8296
**Unified Development Code** Article 9, Sign Standards
9-13 **Unified Development Code** | *Grand Prairie Planning Department Updated: July 1, 2019*

### SECTION 6 - ALLOWED SIGNS NOT NEEDING PERMITS
*The following signs shall not require a permit and shall be subject to the following:*
1. **Official Signs,** *signs erected or required by a governmental entity, including but not limited to:*

A. Traffic control signs authorized by any governmental agency.

B. Signs, notices, placards, certificates and official papers, authorized or required by any statue, government agency, public school or court.

C. Public utility warning and underground line identification signs.

D. Signs or markers used by a Public Utility holding a franchise from the City of Grand Prairie.

E. Historical markers/commemorative plaques or cornerstones.

2. **Temporary Signs,** shall meet the following regulations:

A. Temporary signs are not intended to be used as a substitute for permanent signage;

B. All temporary signs shall have a solid, durable backing, and shall be fastened into the ground such that the sign remains upright and does not deflect more than three (3) degrees off of center in any direction;

C. Temporary signs shall not be illuminated;

D. No temporary sign shall remain on a property for longer than six (6) months;

E. One temporary sign is allowed per property for each 300 feet of street frontage;

F. On properties of less than one (1) acre, the maximum size of a single temporary sign shall not exceed eight (8) square feet;

G. On properties one (1) acre in size or greater, the maximum size of a single temporary sign shall not exceed 32 square feet;

H. Signs exceeding eight (8) square feet, or not located along a street classified by the City as a local street, shall not have any reflective surface;

I. Prior to placing a temporary sign on a property, any existing temporary sign along the same street frontage shall first be removed if the placement of the new sign will cause the number of temporary signs to exceed the number allowed on the property;

J. Temporary signs shall be driven firmly into the ground to prevent theft and loss due to wind;

K. Temporary signs shall be placed on private property only with the consent of the property owner. Any signs placed within easements, public right-of-way, or private

**Unified Development Code** Article 9, Sign Standards
9-14 Unified Development Code | *Grand Prairie Planning Department Updated: July 1, 2019*

4

property without permission of the owner, are subject to removal without compensation;

L. An exception to these regulations may be made for temporary signage approved through a Special Event Permit;

M. The Chief Building Official or a Code Enforcement Officer is authorized to require the removal of a temporary sign if, in his or her reasonable judgement, the temporary sign is or has become dilapidated, obsolete, or is a nuisance to the public. Such decision of the Building Official or Code Enforcement Officer may be appealed to the Zoning Board of Adjustment, provided that the sign has not already been in place longer than six (6) months and that the affirmative decision of the Board to authorize the request will not authorize a temporary sign to remain in place longer than six (6) months and that the affirmative decision of the Board will not authorize a sign that is not otherwise authorized by this Article;

N. The regulations herein are not intended to regulate religious or political speech or to impose restrictions on hand-held signs, seasonal or religious decorations or symbols, or to restrict any legally-held first-amendment events or expressions.