IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN ANTHONY CASTRO**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-885-L** |
| | § | |
| **THE CITY OF GRAND PRAIRIE;** | § | |
| **STEVE COLLINS,** Code Compliance | § | |
| Manager, in his official capacity; | § | |
| **ELLIS COUNTY; BRAD NORMAN,** | § | |
| Sheriff of Ellis County, in his official | § | |
| capacity, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

After the court denied John Anthony Castro's ("Plaintiff") first Emergency Application for Temporary Restraining Order on April 19, 2021, Plaintiff filed a second Emergency Application for Temporary Restraining Order (Doc. 9) ("Second TRO Application") on April 21, 2021, which the court determines should be and is hereby **denied.**

Based on an e-mail exchange attached to his Second TRO Application, Plaintiff asserts as follows: "Emboldened by this Honorable Court's initial denial of the first Emergency Application for a Temporary Restraining Order, the City of Grand Prairie is now threatening to remove all signs within 48 hours" and has refused to provide requested clarity regarding the distance constituting "public right-of-way," as that term is used in its ordinances. Pl.'s Mot. 1. Plaintiff further asserts that the City of Grand Prairie's definition of "public right-of-way" is constitutionally vague and deprives him of his right to procedural due process under the Constitution. Plaintiff, therefore, requests, "[i]n light of these new developments, that the court "enter a Temporary Restraining Order (TRO) preventing Defendants from acting on their now

explicit threat to remove all of his campaign signs until just cause is presented to this Honorable Court." *Id.* at 2.

Although filed as a second request for a temporary restraining order or "TRO," separate and apart from the first TRO Application, the Second TRO Application is essentially a motion by Plaintiff seeking reconsideration of the court's denial of his first TRO Application, based on what he refers to as "new developments." *Id.* Plaintiff's Second TRO Application, however, fails for all of the same reasons the court denied his first TRO Application. Moreover, despite the court previously pointing out that Plaintiff's first TRO Application was not accompanied by a brief as required by this District's Local Civil Rules, Plaintiff's Second TRO Application, which is only one and one-half pages in length, is similarly not accompanied by a brief. Even setting aside the foregoing deficiencies, the court also questions whether entry of a TRO would be appropriate based on Plaintiff's new contention that the City of Grand Prairie's definition of "public right-of-way" is constitutionally vague and deprives him of his right to procedural due process under the Constitution. While Plaintiff's Complaint includes a due process claim, it is not based on the constitutionality of the City of Grand Prairie's ordinances or its definition of "public right-of-way."

Accordingly, for all of these reasons, the court **denies** Plaintiff's Second TRO Application (Doc. 9). *Further, continued failure of Plaintiff to comply with this district's Local Civil Rules will result in the noncompliant filing being stricken without further notice and other sanctions that the court deems appropriate, including the imposition of monetary sanctions or the striking of his pleadings, as his decision to represent himself in this case does not relieve him of complying with all applicable Local Civil Rules or the Federal Rules of Civil Procedure.*

**It is so ordered** this 21st day of April, 2021.

                                              Sam A. Lindsay
                                              United States District Judge